MERCED MENDOZA
AM3344  B4-15-4U
CHUCKAWALLA STATE PRISON
P.O. BOX 2349
BLYTHE, CALIFORNIA 92226

In Pro-Se



FILED
CLERK, U.S. DISTRICT COURT
SEP - 1 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MERCED MENDOZA,           )   CASE NO. EDCV 16-1780-ODW (KES)
        Plaintiff,        )   CIVIL RIGHTS COMPLAINT
                          )   42 U.S.C. §1983
    vs.                   )   **DEMAND FOR TRIAL**
                          )
                          )
S. MURAKONDA, M.D.,       )
M. KALIAN, Registered     )
Nurse, M. AVENT, M.D.,    )
        Defendants.       )
                          )

**I. NATURE OF ACTION**

1. This is a civil rights action authorized by 42 U.S.C. § 1983 filed by Plaintiff MERCED MENDOZA, a state prisoner to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States of America. The court has jurisdiction under 28 U.S.C. 1331 & 1343 (a)(3). Plaintiff alleges a violation of his constitutional rights to receive proper medical care. Plaintiff seeks injunctive & declaratory relief as well as money damages pursuant to 28 U.S.C. §§2210 and 2202.

2. The Central District of California is an appropriate venue under §1391 (b)(2), because the events giving rise to plaintiff's claims occurred in Riverside County in the State of California.

## II.

### Plaintiff

3. Plaintiff, MERCED MENDOZA, is and was at all times mentioned herein a prisoner of the State of California in the custody of the California Department of Corrections & Rehabilitation (CCDR). Plaintiff is currently confined in Chuckawalla Valley State Prison (CVSP) in Blythe, California.

## III.

### Defendants

4. Defendant Dr. S. MURAKONDA is and at all times relevant to this action is a Doctor at CVSP and is responsible and has a duty to adequately provide medical care for prisoners at CVSP where the events giving rise to this action occurred. At all times mentioned defendant S. MURAKONDA was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

5. Defendant Registered Nurse M. KALIAN, is and at all times relevant to this action a registered nurse at CVSP where the events giving rise to this action occurred. Defendant M. KALIAN is responsible and has the duty to provide adequate medical care for prisoners at CVSP. At all times mentioned defendant KALIAN was acting under the color of state law in the course and scope of her employment and is sued in her individual capacity.

-2-

6. Defendant Doctor AVENT, is and at all times relevant to this action a Doctor at CVSP where the events giving rise to this action occurred. Defendant AVENT has the duty to provide adequate medical care for prisoners at CVSP. At all times mentioned defendant AVENT was acting under the color of state law in the course and scope of his employment and is sued in his individual capacity.

## IV.

## FACTS

7. Plaintiff, MERCED MENDOZA, is a non-English speaking prisoner at the Chuckawalla Valley State Prison (CVSP) received on August 5, 2014, from California Men's Colony in San Luis Obispo, California. Plaintiff suffers from an unconstitutional level of acute pain at a constant level between 8 - 10 from a Grossly enlarged mass tumor in the back of his head that began growing approximately three years ago.

8. Upon his arrival at CVSP on August 5, 2014, plaintiff complained to medical services concerning his tumor and the pain associated with it. Plaintiff requested to see the doctor concerning his condition and was denied access to the doctor by an unknown nurse.

9. On September 11, 2014, plaintiff reported to the facility medical clinic and complained of severe head pain at a level of 8 - 10 in the pain scale, from the tumor in the back of his head. Defendant Nurse KALIAN refused to treat plaintiff or refer him to the doctor for treatment and stated, "Maybe you should stay out of prison."

10. The following morning on September 12, 2014, at approximately 0800 hours plaintiff again reported to the facility clinic and informed defendants KALIAN and MURAKONDA that he was experiencing acute pain at a level of 8 - 10, from the tumor and was again refused treatment where defendant MURAKONDA stated, "You are acting like a baby, maybe you should not come to prison."

11. The same day at 11:30 A.M. the acute head pain continued and plaintiff again reported to the medical clinic and was refused treatment by defendant KALIAN with another derogatory remark.

12. On September 15, 2014, the pain worsened and plaintiff again reported to the facility clinic and was seen by defendant MURAKONDA where plaintiff reported acute pain associated with the tumor on the back of his head. Defendant MURAKONDA refused to examine plaintiff and was sent away.

13. On September 17, 2014, plaintiff was still suffering from acute pain from tumor on the back of his head and reported to the facility clinic and was refused an examination by defendant KALIAN.

14. Plaintiff placed a Medical request form (CDCR 7362) in the medical box in front of the facility clinic on September 21, 2014. Plaintiff never received treatment or a response to that request. At this time, plaintiff continues to suffer acute pain on the back of his head from the tumor. Furthermore, due to the untreated tumor, plaintiff suffers acute headaches, dizziness, blurry vision, lack of sleep, psychological and emotional

distress.

15. Plaintiff submitted several other requests for medical attention (CDCR 7362) for the pain associated with the lump in the back of his head.

16. Plaintiff was finally seen again by defendant MURAKONDA on July 7, 2015, and defendant MURAKONDA again refuses to send plaintiff for a diagnosis or biopsy of the tumor. Defendant MURAKONDA measured the tumor as 5 x 4.5 cm "nodular mass." Defendant MURAKONDA again stated, "I was being a baby, and it could not be causing that much pain," and sent him away.

17. Plaintiff continued to suffer acute headaches, dizziness, blurry vision, lack of sleep, psychological and emotional distress from the symptoms.

18. On January 26, 2016, after several more (7362) requests for treatment for the acute pain associated with the tumor, plaintiff was seen by defendant M. AVENT, who again refuses treatment or diagnosis. Defendant AVENT openly displayed disrespect for plaintiff and also stated, "you should stay in your own country," and sent him away.

19. As a result of the deliberate indifference of defendants and all defendants in refusing to properly treat plaintiff with adequate medical care, plaintiff suffered and continues to suffer headaches, dizziness, blurry vision, lack of sleep, psychological and emotional distress.

20. There was an inexcusable practice of deliberate indifference by defendants' MURAKONDA, AVENT and KALIAN, by improperly refusing to treat plaintiff with proper diagnosis,

pain management and ignoring plaintiff's complaints of pain and suffering. The deliberate indifference of defendants caused, and continues to cause plaintiff to suffer headaches, dizziness, blurry vision, lack of sleep, psychological and emotional distress.

21. Plaintiff exhausted his administrative remedies by obtaining a decision at the third level decision and was diligent in filing this complaint thereafter.

FIRST CLAIM FOR RELIEF

(§1983)

Violation Of Prisoner's Eighth

Amendment For Deliberate Indifference To

His Serious Medical Needs

22. Plaintiff realleges and incorporates by reference each allegation of paragraphs 1 through 20, inclusive, as if alleged herein.

All defendants acts were willful, intentional, wanton and in conscious disregard of plaintiff's rights. The constitutional deprivations described herein are the proximate result of the official policies, customs and pervasive practices of defendants. Defendants have been and are aware of all the deprivations complained herein and have condoned or been deliberately indifferent to such conduct.

23. Defendants MURAKONDA, KALIAN, AVENT violated plaintiff's Eighth Amendment right to the U.S. Constitution to be protected from cruel and unusual punishment as described in paragraphs 1 through 20. Defendant's were deliberately indifferent to

plaintiff's medical needs and acted under color of state law and knew or should have known that their conduct or omission created an unreasonable risk of harm to plaintiff. As a direct and foreseeable result of defendant's MURAKONDA, AVENT, and KALIAN's violation of plaintiff's constitutional rights, plaintiff suffered and continues to suffer from acute pain from headaches, dizziness, blurry vision, loss of sleep, psychological and emotional distress. MENDOZA IS ENTITLED TO INJUNCTIVE RELIEF FOR TREATMENT FOR THE COMPLAINTS STATED HEREIN, COMPENSATORY AND PUNITIVE DAMAGES FOR INJURIES SUFFERED.

## PRAYER FOR RELIEF

Wherefore, Plaintiff MERCED MENDOZA, prays for the following relief:

1. Injunctive and declaratory relief as stated in complaint;
2. Compensatory Damages according to proof;
3. Cost of Suit; and
4. Such further relief as the court deems proper.

## DEMAND FOR TRIAL

Plaintiff, MERCED MENDOZA hereby demands a trial by jury.

Dated: August 8, 2016

*Merced Mendoza*
Merced Mendoza

1  I declare under the penalty of perjury that the foregoing
2  is true and correct.
3  EXECUTED this 8th day of August 2016, at Blythe,
4  California.

*Merced Mendoza*
Merced Mendoza



Merced Mendoza
AM 3344 B4-15-4L
Chuckawalla State Prison
P.O. Box 2349
Blythe Ca 92226

United States District Court
Office of the Clerk
U.S. Courthouse, Room G-8
Los Angeles Ca 90012

LEGAL MAIL

Legal / Confidential

CLERK, U.S. DISTRICT COURT
SEP -1 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

M. Vedberg    8-29-16



LEGAL MAIL

M. Vedberg    8-29-16